PERRY B. KING, *Appellant*, v. JENNIE P. KING, *Appellee.*

## Opinion Filed March 11, 1913.

1. A wife may be denied an additional attorney's fee in the Supreme Court, on an appeal by the husband from a decree, so free from error as to need no argument in its support.

2. A wife is entitled to separate maintenance from a husband who drives her from the home and otherwise cruelly mistreats her without cause.

3. An allowance of fifty dollars a month to a wife is not excessive, the husband doing a retail drug business of sixty thousand dollars a year.

Appealed from the Circuit Court of Hillsborough County.

Decree affirmed.

*Wall & McKay,* for Appellant;

*Macfarlane & Chancey,* for Appellee.

COCKRELL, J.—Upon an appeal by the husband from a decree awarding a monthly stipend to the wife and an attorney's fee for separate maintenance, the wife has petitioned this court for an order to require the appellant to pay her such an amount as may be needed to have her interests protected here. There is no intimation that the wife is not satisfied with the decree, and the husband has fully presented his contentions upon the merits.

Upon an examination of the transcript and this brief, we have no hesitancy in declaring the decree was fully

warranted. The breach arising originally out of disagreements between the wife and two grown step-daughters whose side the husband took, drove the wife first to apartments in the house separate from the husband, and then to a sister's home. From the time of the mutual separation in the home there was no intercourse between the married pair, and the husband refused all efforts at reconciliation, and still declares his intention never to resume the relation of husband and wife. Various acts of harsh, even cruel treatment by the husband, are alleged and proved, and no immoral conduct on the part of the wife is even suggested.

The amount of the attorney's fee in the Circuit Court was fixed by consent of all parties, and the allowance of fifty dollars a month to the wife is upon the evidence as to the faculties of the parties a modest one. The husband is a druggist in the City of Tampa, doing a business of sixty thousand dollars gross annually, and he does not make it appear satisfactorily that practically all of this is eaten up by expenses, and it does appear that he with his two grown daughters are living on a plane, not to be attained by the abandoned wife on this allowance.

There being no occasion for the aid of counsel to the wife, her petition will be denied, and the decree will be affirmed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHITFIELD, J. J., concur.